## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ENVIRONMENTAL PROTECTION )
COMMISSION OF HILLSBOROUGH )
COUNTY, FLORIDA )
                                     )
       Plaintiff, )        **CASE NO.:**
                                      )        **8:20-cv-02238-VMC-JSS**
**v.** )
                                        )
MERCEDES-BENZ USA, LLC; )
DAIMLER AKTIENGESELLSCHAFT; )
ROBERT BOSCH, LLC; ROBERT )
BOSCH GmbH; )
                                        )
       Defendants. )

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MERCEDES-BENZ USA, LLC AND DAIMLER AKTIENGESELLSCHAFT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

---

COMES NOW Plaintiff, Environmental Protection Commission of Hillsborough County, Florida ("Plaintiff" or "EPC") and files this *Response in Opposition to Defendants Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft's Motion to Dismiss Plaintiff's Second Amended Complaint* ("*Opposition*")[1] and sets forth the following:

---

[1] Defendant Bosch LLC also joined this *Motion*.

## I.    INTRODUCTION

This action is not an "overreaching attempt by a local regulator,"[2] but a United States government sanctioned, local governmental action to hold Mercedes-Benz USA, LLC ("Mercedes") and Daimler Aktiengesellschaft ("Daimler" and collectively "Defendants") accountable for purposeful, corporate actions damaging the citizens of Hillsborough County, Florida.

The bulk of *Defendants Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft's Motion to Dismiss Plaintiff's Second Amended Complaint* ("*Motion*") argues a meritless claim of preemption. The remainder argues inadequacies in pleading and improperly attaches information outside the *Second Amended Complaint for Damages, Injunctive Relief and Demand for Jury Trial* ("*Complaint*"). The preemption argument is, for all intents and purposes, decided and the Defendants fail to satisfy their burden to support dismissal in every other aspect. Consequently, the Defendants' *Motion* should be denied.

## II.    LEGAL STANDARD

### A. Preemption

The Defendants focus a large section of their *Motion* on preemption, but fail to satisfy the requirements for its application. There are two major categories of

---

[2] *Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint*, at 2.

preemption: express and implied.[3] Under the implied preemption umbrella, two sub-categories exist: field and conflict.[4] Express preemption is exactly as it sounds: express language preempting state law.[5] Conflict preemption is more difficult, but is undoubtedly a "high threshold."[6] Defendants only argue applicability of express and implied conflict preemption.[7] Conflict preemption exists either where it is impossible to comply with both state and federal laws ("impossibility preemption")[8] or where the state laws pose an obstacle to the "full purposes and objectives" of Congress ("obstacle preemption").[9] Defendants do not explicitly specify which form of conflict preemption they seek, but assumedly, obstacle. Overarchingly, there is a general presumption against preemption, requiring federal laws be read so as not to preempt state laws "unless that was the clear and manifest purpose of Congress."[10]

---

[3] *Gade v. Nat'l Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 98 (1992) (citing *Jones v. Rath Packing Co.,* 430 U.S. 519, 525 (1977); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 95 (1983); *Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta,* 458 U.S. 141, 152–153 (1982)).

[4] *Id.* (citing *Fidelity Fed. Sav. & Loan Assn.,* 458 U.S. at 53; *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–143 (1963); *Hines v. Davidowitz,* 312 U.S. 52, 67 (1941); *Felder v. Casey,* 487 U.S. 131, 138 (1988); *Perez v. Campbell,* 402 U.S. 637, 649 (1971)).

[5] *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664 (1993).

[6] *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig,* 959 F.3d 1201, 1206 (9th Cir. 2020), *cert. denied sub nom. Volkswagen Grp. v. EPC of Hillsborough Cty.,* No. 20-994, 2021 WL 5284826 (U.S. Nov. 15, 2021)(quoting *Chamber of Commerce of U.S. v. Whiting,* 563 U.S. 582, 607 (2011) (citation omitted)).

[7] *See Motion,* at 9.

[8] *Fla. Lime & Avocado Growers,* 373 U.S. at 142-43.

[9] *Hines,* 312 U.S. at 67.

[10] *Rice v. Sante Fe Elevator Corp.,* 331 U.S. 218, 230 (1947). The presumption against preemption does not apply to express preemption, in favor of a straight textualist interpretation. *See Puerto Rico v. Franklin Cal. Tax-Free Trust,* 136 S. Ct. 1938, 1946 (2016).

## B. Motion to Dismiss

The Federal Rules of Civil Procedure require that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[11] Well-known and established Supreme Court precedent makes clear that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[12] More to the point, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] Facial plausibility exists when plaintiff pleads sufficient content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

## III.   ARGUMENT

### A. According to the Only Federal Appellate Court to Address the Issue, Plaintiff's Claims are Not Preempted. [15]

In June of 2020, the Ninth Circuit Court of Appeals reversed the district court's determination that the Clean Air Act ("CAA") preempted Plaintiffs' defeat

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Fed. R. Civ. P. 8).

[12] *Iqbal*, 556 U.S. at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986))).

[13] *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

[14] *Id*. (quoting *Twombly*, 550 U.S. at 556).

[15] Plaintiff is only pursuing claims for post-sale tampering and has notified Defendants of the same. Defendants proposed a stipulation to clarify for the Court the alleged claims. Plaintiff, however, determined amendment would be the most efficient for all parties and the Court. The parties attempted to reach an agreement as to amendment to clarify this point but Defendants did not consent to an unopposed motion to amend.  Consequently, Plaintiff has filed a *Motion to Amend Complaint*. *See Complaint* at 16-17, n. 16, ¶ 67 (recognizing preemption of claims for new vehicles); *see also In re Volkswagen "Clean Diesel",* 959 F.3d at 1218.

device claims against a different vehicle manufacturer.[16] The Ninth Circuit's in-depth opinion addressed both express and implied preemption, finding that while claims relating to pre-sale actions are expressly preempted, post-sale claims are neither expressly nor impliedly preempted.[17] In *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig*, the defendants ("VW defendants"), sought *certiorari* review from the United States Supreme Court of an "exceptionally important" decision[18] and arguing with conflict with other state-court decisions.

Within the *Petition for a Writ of Certiorari ("Petition")*, the VW defendants pointed out that the Ninth Circuit invited the Solicitor General and the EPA to submit *amicus curiae* briefs regarding preemption.[19] Neither entity provided a brief at the Court of Appeals. The VW defendants implied in their *Petition* that the agencies' failure to provide *amicus* briefs somehow led to the Ninth Circuit's interpretation of the CAA's preemption.[20] Obviously, considering the Solicitor General on behalf of the United States filed an *amicus* brief in the Supreme Court urging ***against*** *certiorari* and agreeing with the Ninth Circuit, that is untrue.[21] The United States disagreed with the VW defendants' arguments – the same arguments presented by

---

[16] *In re Volkswagen "Clean Diesel"*, 959 F.3d 1201.
[17] *Id.* at 1218 and 1221.
[18] *Volkswagen Grp. v. EPC of Hillsborough Cty.,* No. 20-994, *Petition*, at 16.
[19] *Petition,* at 13.
[20] *Petition,* at 13.
[21] *Volkswagen Grp. v. EPC of Hillsborough Cty.,* No. 20-994, *Brief for the United States as Amicus Curiae* ("United States *amicus* brief").

Defendants, here – on this "exceptionally important" preemption matter, in a substantially similar case, involving the same Plaintiff (but different Defendants). Ultimately, *certiorari* was denied, effectively affirming the Ninth Circuit's Opinion and its ruling that post-sale tampering claims are not preempted by the CAA.[22]

The Defendants, here, present no new arguments in support of preemption and this Court should follow the Ninth Circuit Court of Appeals' ruling, as effectively affirmed by the Supreme Court. Plaintiff's claims for post-sale tampering are not preempted and the *Motion* should be denied.

### B. There is neither express nor implied preemption of Plaintiff's post-sale tampering allegations.

Neither express nor implied conflict preemption apply to Plaintiff's post-sale tampering claims. After the Ninth Circuit held that the CAA "does not prevent [plaintiff counties] from enforcing their regulations against [auto-manufacturers] for tampering with post-sale vehicles",[23] the issue was appealed to the Supreme Court. At the request of the Supreme Court, the United States filed an *amicus curiae* brief, and agreed the post-sale claims were not preempted.[24] The United States also reminded the Supreme Court that "[n]o appellate court has accepted [auto manufacturer's] primary argument … that Section 209(a) expressly preempts [post-

---

[22] *Volkswagen Grp. v. EPC of Hillsborough Cty.*, No. 20-994, 2021 WL 5284826 (U.S. Nov. 15, 2021).
[23] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1205-06.
[24] United States *amicus* brief at 10.

sale tampering claims] like those at issue here."[25] More to the point, "Section 209(a) generally does not, however, preempt state or local laws that prohibit tampering with the existing emission-control systems of in-use vehicles." Those claims "do not 'relat[e] to the control of emissions from new motor vehicles,' 42 U.S.C. 7543(a), because they do not require [auto manufacturers] – either expressly or practically – to modify the design or emission-control features of new vehicles."[26]

### i.   The CAA's express preemption applies only to new vehicles

The CAA did not divest state and local governments from their role in preventing air pollution.[27]  Indeed, the CAA "made the States and the Federal Government partners in the struggle against air pollution"[28] through a system of "cooperative federalism."[29] While section 209 of the CAA contains a preemption provision, that section, by its express terms, applies only to "***new*** motor vehicles or ***new*** motor vehicle engines."[30] It does not apply to post-sale tampering.[31]

---

[25] United States *amicus* brief at 11; *see also* United States *amicus* brief, at 12.

[26] United States *amicus* brief at 13-14.

[27] 42 U.S.C. § 7401(a)(3) ("The Congress finds that air pollution prevention (that is, the reduction or elimination, through any measures, of the amount of pollutants produced or created at the source) and air pollution control at its source is the primary responsibility of States and local governments.").

[28] *Gen. Motors Corp. v. U.S.,* 496 U.S. 530, 532 (1990).

[29] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1214 (citing *Comm. for a Better Arvin v. EPA*, 786 F.3d 1169, 1173 (9th Cir. 2015); *GenOn REMA, LLC v. EPA*, 722 F.3d 513, 516 (3d Cir. 2013).

[30] 42 U.S.C. § 7543(a); s*ee also In re Volkswagen "Clean Diesel"*, 959 F.3d at 1218-19.

[31] *Id.*

Defendants inappropriately rely on *Allway Taxi, Inc. v. City of New York*.[32] The *Allway* court recognized "[t]he preemption sections [of the CAA], however, do not preclude a state or locality from imposing its own exhaust emission control standards upon the resale or reregistration of the automobile." Nor does the case mention that manufacturers should be exempt from local regulations.[33] As the Ninth Circuit stated:

> The Counties' anti-tampering rules do not require [Defendants] to comply with a local emission standard that is different from the federal standard, nor do they impose a standard that would effectively require car manufacturers to alter their manufacture of new vehicles before sale. Rather, the anti-tampering rules prohibit post-sale tampering with federally mandated emission control systems. In this context, the Counties can regulate [Defendants'] post-sale tampering with vehicles' emission control systems to make them less effective just as it can penalize the local garage mechanic who disconnects vehicles' emission control devices to improve performance or gas mileage. Such an exertion of authority is not expressly preempted by § 209(a).[34]

The Ninth Circuit was correct – Plaintiff's post-sale tampering claims are not preempted.

---

[32] 340 F. Supp. 1120, 1124 (S.D.N.Y.), *aff'd,* 468 F.2d 624 (2d Cir. 1972); *Motion*, at 14.

[33] *See also* United States *amicus* brief at 15.

[34] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1218–19. Nor does *Jackson v. Gen. Motors Corp.*, stand for the sweeping rule that Defendants propose. 770 F. Supp. 2d 570 (S.D.N.Y. 2011) (cited in *Motion*, at 13-14). *Jackson* was a personal injury case relying upon violations of the CAA as the predicate for those injuries. *See also Felix v. Volkswagen Grp. of Am., Inc.*, No. A-0585-16T3, 2017 WL 3013080, at *5 (N.J. Super. Ct. App. Div. July 17, 2017).

ii.    **Implied preemption cannot exist where authority is expressly reserved to the States and local governments.**

Because of the CAA's express reservation of authority to States and political subdivisions certain "residual power over used motor vehicles,"[35] implied preemption cannot exist. As noted above, there are two types of implied conflict preemption: impossibility and obstacle preemption. Defendants are unclear which form of implied conflict preemption they seek to apply, arguing in terms of public policy, but impossibility preemption is inapplicable and Defendants do not argue it is impossible to comply with both the CAA and EPC's rules.[36]

Defendants, therefore, must be seeking implied conflict preemption through obstacle preemption. An inquiry into possible obstacle preemption, or so the Supreme Court has cautioned, "does not justify a 'freewheeling judicial inquiry into whether a state statute is in tension with federal objectives'; such an endeavor 'would undercut the principle that it is Congress rather than the courts that pre-empts state law.'"[37] Supreme Court precedent "establish[es] that a high threshold must be met if a state law is to be preempted for conflicting with the purposes of a federal

---

[35] *Wash. v. Gen. Motors Corp.,* 406 U.S. 109, 115 n.4 (1972).

[36] *See Motion*, at 14-23. (Using language describing results as "paralyzing the ability of manufacturers," and "contrary to structure".) Impossibility preemption only exists where it is physically impossible to comply with both federal and state law. *Fla. Lime & Avocado Growers*, 373 U.S. at 142-43.

[37] *Chamber of Com. of U.S. v. Whiting*, 563 U.S. 582, 607 (2011) (citing *Gade,* 505 U.S. at 111 (KENNEDY, J., concurring in part and concurring in judgment); see *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 256, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984)).

Act."[38] Defendants claim that application of state and local laws to manufacturers "would conflict with a central purpose of the CAA,"[39] but fail to demonstrate the conflict. Without such a showing, the conclusory statement is insufficient to satisfy decades of Supreme Court precedent on implied conflict preemption.[40] Nor does it overcome the presumption against preemption for implied preemption arguments.[41]

Part of an implied conflict preemption analysis, as the Ninth Circuit recognized, is consideration of "the impact of Congress's inclusion of a saving clause; in light of the presumption "that 'the historic police powers of the States' are not superseded 'unless that was the clear and manifest purpose of Congress.'"[42] The language of the saving clause in the CAA "appears to give states substantial authority to enforce standards related to post-sale vehicles, including sanctioning tampering with emission control systems."[43] Further, "[t]he language of § 209(d) also indicates that Congress foresaw 'the likelihood of a continued meaningful role' for state enforcement."[44] Indeed, most states have laws prohibiting vehicle emissions

---

[38] *Id.* (citing *Gade,* 505 U.S. at 110.

[39] *Motion*, at 18.

[40] U.S. Const. art. VI, cl. 2; *see Jones v. Rath Packing Co.,* 430 U.S. 519, 525 (1977); *Shaw,* 463 U.S. at 95; *Fidelity Fed. Sav. & Loan Assn.,* 458 U.S. at 152–153; *Gade*, 505 U.S. at 98.

[41] *Rice v. Sante Fe Elevator Corp*., 331 U.S. 218, 230 (1947).

[42] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1219 (internal citation omitted) (quoting *Arizona*, 567 U.S. at 400, 132 S.Ct. 2492 (citation omitted); *See also Williamson v. Mazda Motor of Am., Inc.*, 562 U.S. 323, 335–36 (2011); *Whiting*, 563 U.S. at 600–01.

[43] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1219 (citing 42 U.S.C. § 7543(d)); *see also Whiting*, 563 U.S. at 611, 131 S.Ct. 1968 (holding that Congress's express reservation of state authority to impose certain civil sanctions means what it says).

[44] *Id.* (quoting *Williamson*, 562 U.S. at 335).

10

tampering.[45] Congress, presumably aware of these laws,[46] could have expressly preempted local anti-tampering laws, but did not, and its "silence on the issue" "is powerful evidence that Congress did not intend" preemption.[47]

Finally, as the Solicitor General explained, the local rules at issue here are not the county's own emission control standards.[48] These are anti-tampering laws and regulations.[49] Where the Solicitor General represents on behalf of a federal agency that preemption does not exist, "the agency's own views should make a difference" because "there is 'no reason to suspect that the Solicitor General's representation of [the agency's] views reflects anything other than 'the agency's fair and considered judgment on the matter.'"[50] In short, the Ninth Circuit, the United States government, and impliedly the United States Supreme Court, disagree with Defendants about the extent of the CAA's preemption.  Plaintiff's claims for post-

---

[45] *Id.* at 1220, n. 19 (gathering statutes and regulations from 45 states).

[46] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1219-21 (citing *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988)); and *id.* n. 20 (recognizing "Congress amended the CAA three times since enacting the saving clause in 1967, *see* Clean Air Amendments of 1970, Pub. L. No. 91-604, 84 Stat. 1676 (1970); Clean Air Act Amendments of 1977, Pub. L. No. 95-95, 91 Stat. 685 (1977); Clean Air Act, Amendments, Pub. L. No. 101-549, 104 Stat. 2399 (1990), but the language of the saving clause has never changed, *see* Air Quality Act of 1967, Pub. L. No. 90-148, § 208(c), 81 Stat. 485, 501 (1967), renumbered at 84 Stat. at 1694, and codified at 42 U.S.C. § 7543(d).").

[47] *In re Volkswagen "Clean Diesel"*, 959 F.3d at 1219-21 (*quoting Wyeth v. Levine*, 555 U.S. 555, 575, (2009)); *see also Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 166–67 (1989).

[48] *See generally* United States *amicus* brief, at 13-14.

[49] *Id.*

[50] *Williamson*, 562 U.S. at 335–36 (quoting *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 883-84 (2000) (quoting *Auer v. Robbins,* 519 U.S. 452, 462 (1997)).

sale tampering are not preempted, expressly or impliedly, and the *Motion* should be denied.

## C. Plaintiff's Post-Sale Tampering Claims Are Sufficiently Pleaded

The Federal Rules require a short and plain statement of the facts, when taken as true, sufficiently pleaded to nudge the claim to relief from conceivable to plausible.[51] More than bear allegations are required to ensure the defendant receives "fair notice" of the grounds for entitlement to relief.[52] This standard remains.[53] Plaintiff's *Complaint* does not bring fraud-based claims requiring a heightened pleading standard, despite Defendants' criticism that the "timing, the vehicles involved, or the purpose or effect" are absent.[54] These specifics are not required.

Although not required, the *Complaint* contains "detailed factual allegations" describing the defeat devices, the relationship between the Defendants, the environmental and human impacts of the scheme, and how the Defendants violated the relevant Rules. For instance, the *Complaint* describes the servicing of the vehicles and devices and that Defendants tampered with the emission control systems of Affected vehicles.[55] Moreover, when it comes to providing fair notice of the grounds for relief, Defendants are undoubtedly on notice, and the *Complaint*

---

[51] *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.
[52] *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).
[53] *Id*. at 561-562 (discussing the lower court's incorrect application of *Conley* and the "no set of facts" language, but continuing to apply the "fair notice" standard.)
[54] *Motion*, at 29.
[55] *See e.g. Complaint*, at ¶¶ 63, 72-75, and 88-90.

clearly describes the necessary facts.  Defendants, far more so than Plaintiff, are aware of the exact nature of their post-sale updates. Indeed, in the *Petition*, the VW defendants represented that post-sale updates are far from rare. "In fact, now that emission control systems are computer-operated, manufacturers apply post-sale software updates to, on average, six million cars every year … . EPA, *2014-2017 Progress Report: Vehicle & Engine Compliance Activities* (Apr. 2019), at 7 ('EPA Recall Report'), https://tinyurl.com/EPARecallReport (manufacturer recalls affected over 24 million cars between 2014 and 2017)."[56] Each post-sale software update is post-sale tampering.  In short, Defendants' claims of inadequacy of the *Complaint* fall far short of convincing and the *Motion* should be denied on this point.

In the alternative, should this Court be inclined to side with Defendants on the adequacy of the *Complaint*, Plaintiff requests the opportunity to amend – Defendants do not allege amendment would be futile and leave to amend should, otherwise, be freely given.[57]

### D. Defendants' Reliance Upon Information Outside of the Complaint is Inappropriate

Defendants improperly reference exhibits outside the *Complaint* in urging dismissal of certain vehicles.[58] At the motion to dismiss stage, a court's review is

---

[56] *Petition*, at 5.
[57] Fed. R. Civ. P. (a)(2).
[58] *Motion*, at 30-31.

restricted to the information within the *Complaint*.[59] Undoubtedly, "[t]he Court cannot consider additional evidence … at the motion to dismiss stage without converting the motion to dismiss into a motion for summary judgment."[60] Accordingly, a "district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint and its attachments."[61] The only exception to this general rule applies when a document is: (1) attached to the complaint; (2) referred to in the complaint; (3) central to the plaintiff's claim; and (4) of undisputed authenticity.[62]

Here, the EPA Certificates of Conformity were not attached to the Plaintiff's *Complaint*, referred to in the *Complaint*, nor was the information contained therein central to the Plaintiff's claims. This outside factual information is not appropriately before the Court and is properly addressed at the summary judgment standard. This Court should, therefore, defer ruling on this issue until a later date.

---

[59] *Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007).
[60] *Winsey v. Nationstar Mortg. LLC*, No. 8:17-CV-979-T-33AEP, 2017 WL 2931381, at *2 (M.D. Fla. July 10, 2017) (citing *Boyd*, 249 Fed. Appx. at 157 (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002))); *Hayes v. U.S. Bank Nat'l Ass'n*, 649 Fed. Appx. 883, 887 (11th Cir. 2016) ("In evaluating whether a complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, '[a] court is generally limited to reviewing what is within the four corners of the complaint.'" (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)); *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (A "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint.").
[61] *Roberts v. Carnival Corp.*, 824 F. App'x 825, 826 (11th Cir. 2020).
[62] *Id.* (quoting *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

### E. Plaintiff's Claims are not Time-Barred

Florida follows the "delayed discovery doctrine," which delays the accrual of a cause of action.  As used in Florida courts, the statute of limitations does not begin until every element of the claim exists and the plaintiff discovers or reasonably should have discovered a violation.[63] When a Defendant fraudulently conceals the existence of a cause of action, the statute is likewise tolled.[64]

When Plaintiff knew or should have known of these specific Defendants' actions as they relate to the Affected Vehicles, though, is not plain on the face of the *Complaint*.[65] Dismissal, therefore, is not supported.

The Eleventh Circuit recognizes that "dismissal for failure to state a claim on statute of limitations grounds is appropriate 'only if it is apparent from the face of the complaint that the claim is time-barred.'"[66] "Generally, considering a statute of limitations on a motion to dismiss is inappropriate."[67] Plaintiffs "need not anticipate or allege facts that would defeat affirmative defenses, such as statute of limitations,"

---

[63] *See Butler Univ. v. Bahssin*, 892 So. 2d 1087, 1091 (Fla. Dist. Ct. App. 2004).

[64] *Id.*

[65] *See Motion* at 31-32 (quoting *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

[66] *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018), *aff'd,* 139 S. Ct. 1507, 203 L. Ed. 2d 791 (2019) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted).

[67] *F.D.I.C. v. Kime*, 12 F. Supp. 3d 1113, 1118–19 (S.D. Ind. 2014); *see also Croteau v. Nat'l Better Living Ass'n, Inc.*, 290 F.R.D. 521, 528 (D. Mont. 2013) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1071 (9th Cir. 2005)); *In re Direxion Shares ETF Tr.*, 279 F.R.D. 221, 231 (S.D.N.Y. 2012) (quoting *LC Capital Partners, LP v. Frontier Ins. Grp., Inc.,* 318 F.3d 148, 156 (2d Cir.2003)); *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019)

and for that reason "a court typically cannot dismiss a complaint for failure to satisfy a statute of limitations until summary judgment."[68] A court may only properly rule on a statute of limitations defense "where the complaint includes all the information necessary to do so."[69] Therefore, if and only if "the relevant dates are set forth ***unambiguously*** in the complaint," may a court review a statute of limitations argument on a motion to dismiss.[70]

The necessary dates to rule on a statute of limitations defense are not unambiguously within the *Complaint*. Defendants reference mention of an April 22, 2016 report as evidence that Plaintiffs knew of the causes of action's accrual against Defendants at that point. First, the *Complaint* does not state that Plaintiff read or was aware of the report in April of 2016. But perhaps more importantly, an article discussing the report referenced in paragraph 58 of the *Complaint* notes that "no other carmaker has been found to use so-called 'defeat devices' ... ."[71] In other words, the *Complaint's* mention of the existence of a report that does not conclude the Defendants Affected Vehicles used defeat devices, provides no support for the Plaintiff's knowledge (or even possibility of knowledge) in April of 2016.

---

[68] *Id.* (citing *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir.2004).

[69] *Id.*

[70] *Id.* (quoting *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir.2009)) (emphasis added).

[71] Wacket, Markus, German automakers to recall 630,000 cars to fix emissions, https://www.reuters.com/article/volkswagen-emissions-germany-probe/german-automakers-to-recall-630000-cars-to-fix-emissions-idUSL2N17P0QP (last visited 11/23/2021).

Defendants also point to Plaintiff's complaint filed against the VW defendants as evidence of knowledge. Again, though, there is nothing in the *Complaint* to suggest Plaintiff knew the ***Defendants*** also utilized, designed, manufactured, installed, and later tampered with emissions control devices in the Affected Vehicles at the time Plaintiff filed suit against the VW defendants, who admitted to their wrongdoing but did not name other participants. Knowledge of one entity's actions does not definitively demonstrate knowledge of another's participation – guilt by association is universally frowned upon, even in the civil context.[72] Surely, that is not enough to dismiss the *Complaint* based upon a statute of limitations defense.

The *Complaint* does not contain the necessary factual allegations to allow the Court to dismiss based on a statute of limitations defense and the *Motion* should be denied.

## CONCLUSION

The Ninth Circuit's preemption decision, supported by the United States, was correct: Plaintiff's post-sale claims are neither expressly nor impliedly preempted. Further, the *Complaint* is sufficiently pleaded and Plaintiff's post-sale claims are not time-barred. Consequently, Plaintiff respectfully requests this Court enter an Order

---

[72] *See generally, Healy v. James*, 408 U.S. 169 (1972); *N. A. A. C. P. v. Claiborne Hardware Co.*, 458 U.S. 886, 919 (1982); *S.E.C. v. Lee,* 720 F.Supp.2d 305, 338 (S.D.N.Y.2010); *D. Penguin Bros. v. City Nat. Bank*, No. 13 CIV. 0041 TPG, 2014 WL 982859, at *3 (S.D.N.Y. Mar. 11, 2014), *aff'd,* 587 F. App'x 663 (2d Cir. 2014).

denying the *Motion*.  Should the Court disagree and be inclined to grant Defendants'

*Motion*, Plaintiff respectfully requests permission to amend its *Complaint*.

Dated: <u>December 1, 2021</u>

Respectfully submitted,

<u>/s/ C. Lance Gould</u>
W. Daniel "Dee" Miles, III*
C. Lance Gould*
H. Clay Barnett, III*
Lauren Miles*
Tyner Helms*
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone:  (334) 269-2343
Facsimile:  (334) 954-7555
Dee.Miles@BeasleyAllen.com
Lance.Gould@BeasleyAllen.com
Clay.Barnett@BeasleyAllen.com
Lauren.Miles@BeasleyAllen.com
Tyner.Helms@BeasleyAllen.com

*\* admitted pro hac vice*

Rebecca D. Gilliland
Florida Bar No. 1010968
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
302 St. Louis Street
Mobile, AL 36602
Telephone: 251-308-1515
Rebecca.Gilliland@Beasleyallen.com

Luis Martinez-Monfort, Esq.
**GARDNER BREWER**
**MARTINEZ-MONFORT, P.A.**
400 North Ashley Drive, Suite 1100
Tampa, Florida  33605
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
lmmonfort@gbmmlaw.com
litigation@gbmmlaw.com

*Designated Trial Counsel per Local Rule 1.05(c)*

Thomas L. Young
Florida Bar No. 0231680
**LAW OFFICE OF THOMAS L. YOUNG, P.A.**
400 North Ashley Drive, Suite 1100
Tampa, Florida  33605
Telephone: 813-251-9706
Facsimile: 813-364-1908
tyoung@tlylaw.com

*Attorneys for Plaintiff, The Environmental*
*Protection Commission of Hillsborough County,*
*Florida*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2021, a true and accurate copy of the foregoing was filed with the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ C. Lance Gould
OF COUNSEL