UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENVIRONMENTAL PROTECTION
COMMISSION OF HILLSBOROUGH
COUNTY, FLORIDA,

    Plaintiff,

v.                           Case No. 8:20-cv-2238-VMC-MRM

MERCEDES-BENZ USA, LLC and
DAIMLER AKTIENGESELLSCHAFT,

    Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of Defendants Daimler Aktiengesellschaft and Mercedes-Benz USA, LLC's ("the Mercedes Defendants'") Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. # 167), filed on May 16, 2022. Plaintiff Environmental Protection Commission of Hillsborough County, Florida responded on June 6, 2022. (Doc. # 172). The Motion is granted.

I.  **Background**

Because the Court and the parties are familiar with the allegations and history of this case, the Court need not outline them in great depth here. The Commission, a unit of Hillsborough County's government responsible for providing and maintaining standards of atmospheric purity, initiated

this action on September 24, 2020. (Doc. # 1). On December
16, 2021, the Commission filed a third amended complaint,
seeking monetary damages and injunctive relief for violations
of the Commission's anti-tampering ordinance, EPC Rule
Chapter 1-8, "Mobile Source." (Doc. # 116). The Mercedes
Defendants moved to dismiss the third amended complaint.
(Doc. # 122).

On April 18, 2022, the Court granted the motion in part
but gave the Commission leave to file a fourth amended
complaint. (Doc. # 153). In the Order on the motion to
dismiss, the Court explained that the Commission could not
proceed on the "inaction theory" of tampering because

> software updates that merely fail to remove the
> original defeat device from Mercedes vehicles do
> not plausibly violate EPC Rule Section 1-8.05(1).
> These updates are not "tampering" as defined by the
> rule because they do not cause the emissions
> control system to be inoperable. Rather, the
> original pre-sale defeat devices — on which the
> Commission has not and cannot base its claims —
> have rendered the emissions control system
> inoperable and the later software update has no
> effect on that system. Thus, Count I is dismissed
> with prejudice to the extent it is based on software
> updates that simply do not remove the original
> defeat device.

(Id. at 14-15).

And, while explaining that the Commission could
potentially state a claim based on software updates, recalls,

and field fixes that worsened the performance of the vehicles' emission controls systems, the Commission had not plausibly alleged that such conduct had occurred. (Id. at 15).

The Commission filed its fourth amended complaint on May 2, 2022. (Doc. # 156). Count I seeks monetary damages for violations of EPC Rule Chapter 1-8. (Id. at 44-45). Count II seeks injunctive relief preventing the Mercedes Defendants from continuing to violate EPC Rule Chapter 1-8 and directing them to repair the Affected Vehicles. (Id. at 45). According to the fourth amended complaint, the Mercedes Defendants engaged in a conspiracy to create and install "defeat device" software in new Mercedes diesel vehicles to reduce the effectiveness of the vehicles' emission control systems when not in an emissions-testing environment. (Id. at 1-4).

As with the previous complaint, the Commission's claims are not based on the creation of these defeat devices and their installation in new Mercedes vehicles pre-sale. Rather, the Commission "is only asserting claims relating to post-sale activities of the Defendants." (Id. at 4). Specifically, the Commission bases its claim in part on "every post-sale update that does not remove the workaround" — the defeat device — from the relevant Mercedes vehicles. (Id. at 29). The Commission has not amended this portion of its complaint

3

between the third and fourth iterations. <u>Compare</u> (Doc. # 116 at 29) <u>with</u> (Doc. # 156 at 29).

The Commission also alleges that the Mercedes Defendants violated EPC Rule Chapter 1-8 by "tampering post-sale with the emission control systems of Affected Vehicles registered in Hillsborough County, through a program of newly created field fixes and recall campaigns." (Doc. # 156 at 44–45).

The Commission has added some additional detail to its fourth amended complaint. Specifically, the Commission has inserted the phrase "through field fixes and/or recall campaigns" throughout the fourth amended complaint. (<u>Id.</u> at ¶¶ 60, 61, 82, 83, 89, 90, 92, 95, 98, and 105). The Commission also points to separate litigation against the Mercedes Defendants regarding the same defeat devices filed by the California Air Resources Board (CARB), as well as previous litigation against Volkswagen, to support its contention that the Mercedes Defendants engaged in post-sale tampering. (<u>Id.</u> at 38–39).

The Commission adds a description of CARB's complaint taken from a Joint Consent Decree between CARB and the Mercedes Defendants. <u>See</u> <u>id.</u> at 38 ("[T]he Joint Consent Decree…stated CARB's lawsuit included allegations that Mercedes installed "prohibited Defeat Devices, as well as

several unreported, unapproved running changes and field fixes[.]"). The Commission also points to "the previous VW litigation," which allegedly "included post-sale software updates implemented through recall campaigns." (Id. at 39).

The Mercedes Defendants now seek dismissal of the claims against them for failure to state a claim and on statute of limitations grounds. (Doc. # 167 at 1). The Commission responded (Doc. # 172), and the Motion is ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Additionally, "[a] plaintiff is 'not required to negate an affirmative defense in [its] complaint.' Thus, '[g]enerally, the existence of an affirmative defense will not support a motion to dismiss.'" Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP, 609 F. App'x 972, 976 (11th Cir. 2015) (citations omitted).

## III. **Analysis**

The Mercedes Defendants raise three arguments for dismissal. The Court addresses them in turn.

### A.   **Statute of Limitations**

The Mercedes Defendants argue that the Commission's claims are time-barred under the applicable statute of limitations. See Fla. Stat. § 95.11(3)(f) ("An action founded on a statutory liability…shall be commenced…within four years."). They contend that the Commission, by requesting

6

relief for every vehicle registered in Hillsborough County between 2007 and 2016, has "failed to allege any actionable conduct within the limitations period." (Doc. # 167 at 39-40). The Commission contends that it is not apparent from the face of the complaint that its claims are time-barred because it has not pled the specific dates of the relevant post-sale software updates. (Doc. # 172 at 10-12).

The Court is still not convinced that the Commission's claims are barred by the statute of limitations, given that the dates of the relevant post-sale software updates, field fixes, and recalls are still not alleged. See United States ex rel. Hunt v. Cochise Consultancy, Inc., 887 F.3d 1081, 1085 (11th Cir. 2018) ("A dismissal for failure to state a claim on statute of limitations grounds is appropriate 'only if it is apparent from the face of the complaint that the claim is time-barred.'" (citation omitted)), aff'd, 139 S. Ct. 1507 (2019). Because it is not apparent from the face of the fourth amended complaint that the Commission's claims are time-barred, the Court will not grant the motion to dismiss on the ground that the claims are barred by the statute of limitations.

**B.**   **<u>Claims Previously Dismissed with Prejudice</u>**

The Mercedes Defendants point out that the Commission has re-pled the allegations based on the "inaction theory." The Commission responds that it is now only alleging that "updates that cause an alteration to the emissions system or the original defeat device" are illegal. (Doc. # 172 at 2). The Commission speculates in its response that "certainly, an update **could** fail to remove the original defeat device while making a change to the software." (Doc. # 172 at 4) (emphasis added). However, the Commission has not updated the language in its complaint to match this argument. <u>See</u> <u>Donovan v. Rivadeneira</u>, 557 F. Supp. 3d 1236, 1244 (S.D. Fla. 2021) (citing <u>Huls v. Llabona</u>, 437 F. App'x 830, 832 n. 5 (11th Cir. 2011)) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss."). Instead, in its fourth amended complaint, the Commission again alleges that "every post-sale update that does not remove the workaround [defeat device]" is "illegal." (Doc. # 156 at 29). The Commission did not add any other language to explain that it now only alleges that updates that alter the defeat device are illegal. Even if the Court interpreted the language in the fourth amended complaint in light of the Commission's response, the

Commission still fails to provide any detail on how any such updates altered the defeat devices.

The Commission's attempt in its response to reframe the language in the fourth amended complaint does not change the Court's plain reading of the fourth amended complaint. In its Order granting the motion to dismiss the third amended complaint, the Court dismissed Count I "to the extent it is based on software updates that simply do not remove the original defeat device." (Doc. # 153 at 14). The Court again dismisses the Commission's claims to the extent they are based on software updates that simply do not remove the original defeat device.

B.  **Plausibility**

Next, the Mercedes Defendants argue that the claims against them should be dismissed under Rule 12(b)(6) because the Commission has not stated plausible claims for violation of EPC Rule Chapter 1-8. The Court agrees.

EPC Rule Section 1-8.05(1) provides: "No person shall tamper, cause, or allow the tampering of the emission control system of any motor vehicle." EPC Rule § 1-8.05(1). Section 1-8.03(2)(h) defines "tampering" as "the **intentional** inactivation, disconnection, removal or other modification of a component or components of the emission control system

**resulting in it being inoperable.**" EPC Rule § 1-8.03(2)(h) (emphasis added). Section 1-8.03(2)(c) defines "inoperable emission control system" as "any emission control system or component thereof whose operation or efficiency has been circumvented, defeated, or deleteriously affected by improper maintenance, improper up-keep, wear and tear, misfueling, or tampering." EPC Rule § 1-8.03(2)(c). The Court noted that the Commission's allegations in its third amended complaint were insufficiently detailed to state a claim based on EPC Rule Chapter 1-8. (Doc. # 165 at 15).

The Mercedes Defendants highlight the limited nature of the new allegations the Commission added to the fourth amended complaint. They point out that the Commission's additions to the fourth amended complaint fall into two categories. First, the Commission added the phrase "through field fixes and recall campaigns" to several of its allegations. See (Doc. # 156 at ¶¶ 60, 61, 82, 83, 89, 90, 92, 95, 98, and 105). Second, the Commission incorporated allegations from two other lawsuits.

The Commission points to litigation filed against the Mercedes Defendants by CARB. That case, the Commission alleges, includes allegations that the Mercedes Defendants "installed 'prohibited [d]efeat [d]evices, as well as several

10

unreported, unapproved running changes and field fixes, that
have resulted in, and continue to result in, increased NOx
emissions from each Subject Vehicle significantly in excess
of California limits.'" (Id. at 38). The Commission claims
that "Defendants implemented post-sale updates and
modifications into these Affected Vehicles…via the same field
fixes as were alleged to have been implemented in the CARB
lawsuit." (Id. at 38-39). The Commission also claims that,
"based on the conduct in the previous VW litigation," the
Mercedes Defendants "implemented post-sale software updates
in the Affected Vehicles through recall campaigns." (Id. at
39).

The Commission has not provided sufficient additional
detail to plausibly state a claim for post-sale tampering.
While it did not have to add the exact details suggested by
the Court in the prior Order dismissing the third amended
complaint, the Commission did have to provide some additional
information regarding the impact of the field fixes, recalls,
or post-sale software updates on the vehicles' emission
control systems. The Commission had already asserted in its
third amended complaint that post-sale tampering had occurred
through field fixes and recalls. (Doc. # 116 at 44). Simply
inserting the phrase "through field fixes and recall

campaigns" into several additional sentences does not suffice.

The Commission argues that the unsubstantiated claims from other lawsuits allow the Court to infer that the Mercedes Defendants were engaging in the same behavior in this case. However, the Court cannot make such an inference. The existence of another complaint does not show plausible facts. See, e.g., Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("[N]either a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings"); Brown v. Evans, No. 15-cv-2844, 2016 WL 69629, at *5 (N.D. Ill. Jan. 6, 2016) ("The allegations of a different complaint involving different facts and actors are irrelevant to Brown's claims before this Court."); Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice.").

The Court can take notice of the description of CARB's complaint in the Joint Consent Decree. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding that documents not physically attached to a complaint may be incorporated by

reference if the document's contents are alleged in the complaint). The Commission only cites to one paragraph of the Consent Decree, which provides a brief characterization of CARB's complaint. (Doc. # 156 at 38). The Consent Decree only mentions CARB's allegations of post-sale tampering once, and it does not provide any further detail about how the Mercedes Defendants engaged in post-sale tampering that violated EPC Rule Chapter 1-8.[1]

Simply noting that another entity has made allegations that the Mercedes Defendants "installed…unapproved running changes and field fixes" does not provide sufficient detail to support the Commission's claims. (Id. at 38). The Court can also draw no inference from the Commission's vague reference to the "VW litigation." (Id. at 39). The Commission did not reference any documents of which the Court could take notice and did not sufficiently explain why accusations against Volkswagen would tend to show that the Mercedes

---

[1] The relevant paragraph in the Joint Consent Decree states that "the California Complaint alleges, among other things, that the Subject Vehicles contain undisclosed AECDs and prohibited Defeat Devices, as well as several unreported, unapproved running changes and field fixes, that have resulted in, and continue to result in, increased NOx emissions from each Subject Vehicle significantly in excess of California limits." Consent Decree, United States v. Daimler AG, No. 1:20-cv-02564 (D.D.C. Sept. 14, 2021) (Doc # 2-1 at 2). The following paragraph states that "Defendants deny the allegations in the Complaints and do not admit any liability to the United States, California, or otherwise arising out of or in connection with the allegations in the Complaints." Id.

13

Defendants engaged in post-sale tampering. The mere existence
of another lawsuit against a non-party does not support the
Commission's claim that the Mercedes Defendants violated EPC
Rule Chapter 1-8.

Count I is dismissed with prejudice. The Commission has
amended its complaint four times in two years. Yet the
Commission still has not pleaded facts sufficient to support
a plausible claim for relief, even after the Court stated
that they needed to plead greater detail to survive a 12(b)(6)
motion. Therefore, dismissal with prejudice is appropriate.
See Inman v. Am. Paramount Fin., 517 F. App'x 744, 747–749
(11th Cir. 2013) (affirming district court's decision
dismissing with prejudice pursuant to Rule 12(b)(6) after
plaintiff's third amended complaint failed to state factual
allegations from which the court could infer a violation).

C.    **Injunctive Relief**

In Count II of its fourth amended complaint, the
Commission requests injunctive relief to prevent what it
alleges are ongoing violations of EPC Rule Chapter 1-8 by the
Mercedes Defendants. The Mercedes Defendants argue that the
Commission has not met the requisite standard to receive
injunctive relief because the Commission has not sufficiently

pled a violation of EPC Rule Chapter 1-8. (Doc. # 167 at 15-17).

To receive injunctive relief, "a plaintiff must establish a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). The Commission fails at the first step of the test. As discussed above, the Commission has not stated a plausible claim of violations of EPC Rule Chapter 1-8. Because the Commission has failed to establish a violation by the Mercedes Defendants, it is not entitled to injunctive relief.

For the reasons stated above, Count II is dismissed with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendants Daimler Aktiengesellschaft and Mercedes-Benz USA, LLC's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. # 167) is **GRANTED.**

(2)   This action is dismissed with prejudice.

(3)   The Clerk is directed to terminate any previously scheduled deadlines and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>20th</u> day of September, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE