UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENVIRONMENTAL PROTECTION
COMMISSION OF HILLSBOROUGH
COUNTY, FLORIDA,

    Plaintiff,

v.                         Case No. 8:20-cv-2238-VMC-JSS

MERCEDES-BENZ USA, LLC,
DAIMLER AKTIENGESELLSCHAFT,
ROBERT BOSCH, LLC,
and ROBERT BOSCH GMBH,

    Defendants.

_____/

**<u>ORDER</u>**

    This matter is before the Court upon the Eleventh Circuit Court of Appeals' remand "for the limited purpose of determining the parties' citizenship at the time suit was filed in federal court to establish whether diversity jurisdiction existed over Hillsborough's claims." (Doc. # 191). For the reasons discussed below, the Court determines that complete diversity of citizenship existed between the parties and, thus, diversity jurisdiction exists.

**<u>Discussion</u>**

    In the remand order, the Eleventh Circuit determined that the citizenships of Plaintiff Environmental Protection Commission of Hillsborough County, Florida ("Hillsborough"),

Defendant Mercedes Benz USA, LLC, and Defendant Daimler Aktiengesellschaft, had been sufficiently established. See (Id. at 2) (concluding that Hillsborough is a Florida citizen, Mercedes is a citizen of Delaware and Georgia, and Daimler is a citizen of Germany).[1]

Thus, it remains for this Court to determine the citizenship of Defendant Robert Bosch GmbH ("Bosch"), which was voluntarily dismissed from this case before the Court entered its order dismissing the Fourth Amended Complaint. (Id. at 3). Specifically, the Eleventh Circuit wrote that "it remains unclear whether Bosch is a corporation or an unincorporated entity." (Id.); see 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010) ("[U]nincorporated associations do not themselves have any

---

[1] Additionally, Robert Bosch LLC is a Delaware limited liability company, headquartered in Michigan, whose sole member is Robert Bosch North America Corporation, which is a Delaware corporation with its principal place of business in Michigan. (Doc. # 125-2 at 2-3). Thus, it is a citizen of Delaware and Michigan. Robert Bosch LLC was not named as a defendant in the Fourth Amended Complaint. However, because it was named as a defendant in the original complaint, the Court notes its citizenship.

citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332."). If Bosch is a citizen of Florida, then complete diversity did not exist at the time this case was filed.

"Deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of [Section] 1332 can be difficult." Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co., 759 F.3d 787, 788 (7th Cir. 2014). "Businesses in other nations may have attributes that match only a subset of those that in the United States distinguish a 'corporation' — a business with indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features — from forms such as the limited liability company, the limited partnership, and the business trust." Id.; see also Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1105 (8th Cir. 2019) ("The court treats a foreign legal entity as a corporation if it has the standard elements of 'personhood' (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued), as well as the ability to issue[] shares to investors

who enjoy limited liability and which can be bought and sold, subject to restrictions that the business declares." (citation and internal quotation marks omitted)).

To aid the Court in making this determination, Hillsborough, Mercedes, and Daimler have filed supplemental responses. (Doc. ## 193, 194). They argue that Bosch is a corporation for diversity purposes. Indeed, they cite numerous cases in which courts have described a GmbH — a type of German business entity — as a corporation. See Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 4 & 4 n.1 (1st Cir. 2018) (describing the defendant GmbH as "a German corporation with its principal place of business in Kassel, Germany," while acknowledging that "GmbH, or Gesellschaft mit beschränkter Haftung, is German for 'company with limited liability'" (citation omitted)); Panalpina Welttransport GmBh v. Geosource, Inc., 764 F.2d 352, 354 (5th Cir. 1985) (assuming that plaintiff GmbH was a "West German corporation"); Batson Yarn & Fabrics Mach. Grp., Inc. v. Saurer-Allma GmbH-Allgauer Maschinenbau, 311 F. Supp. 68, 69-70 (D.S.C. 1970) (stating that "the controversy is one between a corporation of one of the States of the United States and a corporation of a foreign State" and describing the defendant GmbH as "a corporation of West Germany"); Quantum Color

4

Graphics, LLC v. Fan Ass'n Event Photo GmbH, 185 F. Supp. 2d 897, 900 (N.D. Ill. 2002) (describing defendants "The Fan Association Event Photo GmbH [] and Fans United AG" as "both German corporations"); but see Keshock v. Metabowerke GmbH, No. CV 15-00345-CG-N, 2015 WL 10458544, at *5 (S.D. Ala. Sept. 25, 2015) ("As a 'Gesellschaft mit beschränkter Haftung,' [the defendant GmbH] is most similar to an 'LLC' business form in the United States."), report and recommendation adopted, No. CV 15-0345-CG-N, 2016 WL 917947 (S.D. Ala. Mar. 9, 2016).

Furthermore, Hillsborough notes that Bosch, as a GmbH, has shares owned by shareholders, rendering Bosch's structure "consistent with that of an American corporation." (Doc. # 193 at 5). Likewise, Bosch GmbH's articles of association "confirm that Bosch GmbH's duration is 'indefinite,' giving it a key characteristic of corporations." (Doc. # 194 at 3) (citing (Doc. # 194-2 at §§ 1, 16(5), 22)); see Brunswick Corp. v. Waxman, 459 F. Supp. 1222, 1229 (E.D.N.Y. 1978) (explaining that the American corporate concept "has, among others, three basic objectives, to provide (1) limited liability, (2) perpetual existence, and (3) transferability of shares." (citing Ballantine on Corporations, 2-6 (1946);

5

C. L. Israels, Corporate Practice, 7-12 (1963))), aff'd, 599 F.2d 34 (2d Cir. 1979).

The parties have also presented complaints filed by Bosch in federal court in which Bosch alleged that it was a German corporation with its principal place of business in Stuttgart, Germany. (Doc. # 194 at 3 n.4); see also Robert Bosch GmbH v. Murdoch, No. 2:16-cv-09009-FMO-PLA, at (Doc. # 1 at 2) (C.D. Cal. Dec. 5, 2016) ("Bosch GmbH is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Stuttgart, Germany."); Robert Bosch GmbH v. Inspectron, Inc., No. 2:16-cv-11104-RHC-EAS, at (Doc. # 1 at 1) (E.D. Mich. Mar. 28, 2016) ("Plaintiff Robert Bosch GmbH [] is a German corporation whose principal place of business is in Germany."); Robert Bosch GmbH v. Euro-Star Indus., Inc., No. 3:14-cv-01611-JBA, at (Doc. # 1 at 1) (D. Conn. Oct. 30, 2014) ("Plaintiff Robert Bosch GmbH [] is a German corporation with its principal place of business in Stuttgart, Germany.").

Finally, although the Eleventh Circuit was not persuaded simply by the declaration of Dr. Markus Lepschy, a vice president in Bosch's corporate legal department (Doc. # 191 at 3), Mercedes and Daimler cite that declaration. (Doc. # 173-1). In the declaration, Dr. Lepschy attested that "Robert

Bosch GmbH is *incorporated* in Stuttgart, Germany." (Id. at 2-3) (emphasis added).

Upon review of the evidence submitted by the parties and the case law regarding GmbH entities, the Court agrees with the parties that Bosch is a corporation. Bosch is incorporated in Germany and has its principal place of business in Stuttgart, Germany. See (Doc. # 173-1 at 2) (Dr. Lepschy's declaration attesting that "Robert Bosch GmbH is *incorporated* in Stuttgart, Germany"); see also Robert Bosch GmbH v. Murdoch, No. 2:16-cv-09009-FMO-PLA, at (Doc. # 1 at 2) (C.D. Cal. Dec. 5, 2016) ("Bosch GmbH is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Stuttgart, Germany."). Thus, Bosch is a citizen of Germany.

Alternatively, even if Bosch — as a GmbH — is better thought of as a limited liability company, the evidence presented by the parties establishes that Bosch was not a citizen of Florida at any relevant time. See (Doc. # 194-4; Doc. # 194-5; Doc. # 194-6; Doc. # 194-7). That is, the shareholder and partnership lists — the last publicly filed lists that "reflect[] the most up-to-date" information (Doc. # 197 at 2 n.1, 3 n.6, 4 n.7, 5 n.8, 6 n.10) — show that none of Bosch's "members" (its shareholders) was a citizen of

7

Florida during the relevant time. Rather, if it is an unincorporated entity, Bosch is a citizen of Germany, Denmark, Italy, Switzerland, and Connecticut. (Doc. # 197 at 1; Doc. # 198). Thus, even if Bosch is an unincorporated entity, complete diversity of citizenship still existed.

Because Hillsborough is a Florida citizen, while the Defendants are citizens of Germany, Georgia, and Delaware, complete diversity of citizenship existed at the time this action was filed and still exists. Even if Bosch is not a corporation and thus is not exclusively a citizen of Germany, it is a citizen of Germany, Denmark, Italy, Switzerland, and Connecticut — but not Florida. (Doc. # 197). The Court has subject matter jurisdiction over this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Diversity jurisdiction exists because the parties were completely diverse at the time suit was filed in federal court.

(2)  The Clerk is directed to return the record, as supplemented, to the Eleventh Circuit for further proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this <u>6th</u>

day of February, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE